## WHITLOCK *vs.* HEARD.

1. Where W. loses at gaming the note of H., given for W.'s accommodation, and the winner loses it in the same way to M. & S., or transfers it to them in discharge of a gambling debt, M. & S., not being *bona fide* holders, cannot by an arrangement between themselves, confer upon the note a validity which it did not previously possess.

Error to the Circuit Court of Cherokee. Tried before the Hon. Sidney C. Posey.

Whitlock v. Heard.

THIS was an action of trover, in which the plaintiff sought to.recover damages of the defendant in error for the conversion by him of several horses. The evidence conduced to show that the plaintiff for his own accommodation and benefit received from the defendant, the note of the latter for two hundred dollars, and left with the defendant the horses in question as a security or indemnity against it. On the night of the day upon which the note was received from the defendant, the plaintiff lost it at a game of faro, of which fact the defendant was notified and warned not to pay it to any person. The individual who won the note from the plaintiff soon afterwards lost it at gaming with Martin and Stypes, or transfered it to them in discharge of a gaming debt, to whom, after he had been notified by the plaintiff as above stated, the defendant gave a new note in lieu of the one he had given to plaintiff. After the note came to the possession of Martin and Stypes, by an agreement between them, Martin transfered his interest in it to Stypes, in consideration of a debt due from the former to the latter, and of the latter's interest in their joint winnings. There was proof of a demand and refusal, &c.

The court charged the jury, that if after the note had been lost by the plaintiff at gaming, it came into the hands of Martin & Stypes, and Martin transfered it to Stypes in payment of a just debt, and of Stypes' share of their joint winnings, the defendant was justified in paying Stypes, and the pledge of the horses would be sustained by the indebtedness of plaintiff to defendant, growing out of the payment of the note. To this, and other charges, which it is unnecessary to notice, the plaintiff excepted and now assigns them as error.

RICE & MORGAN, for plaintiff.

L. E. PARSONS, for defendant.

CHILTON, J.—The first charge given by the Circuit Court cannot be supported. It assumes that the two hundred dollar note, borrowed from Heard by Whitlock, and lost by the latter at faro, continues a lien upon the stock sued for, because the faro dealer, who won it from Whitlock, transfered it to Martin & Stypes, who won it from him, or received it in

payment of a gambling debt, and who agreed that Stypes should take the entire interest in consideration of their joint winning and in payment of a debt due from Martin to Stypes. The note having been made by Heard for the accommodation of Whitlock, as between them, it was wholly without consideration. In the hands of Whitlock, before it was negotiated, it was no more than waste paper. It must then depend for its binding efficacy upon a valid negotiation. The losing it upon a game of faro, and the winning it by Martin & Stypes, is not such a negotiation as gives it vitality in their hands, and Martin & Stypes not being *bona fide* holders for value, cannot by any arrangement between themselves, confer upon the instrument a binding obligation which it did not previously possess. See Saltmarsh v. Tuthill, 13 Ala. Rep. 390; The same v. Plant. & Merc. Bank, 14 ib. 668–679; same v. Hill, at the present term. Had Heard, before notice by Whitlock, that he had lost the note at gaming, and a request not to pay it, paid the note, then he would be protected, as he should not suffer by the negligence or default of Whitlock. But if after he received such notice, he made the payment, or renewed the note, the lien which he held upon the stock for the satisfaction of the note, is extinguished so far as the note is concerned. If, however, the note was renewed before notice, and the renewed note is outstanding against Heard, he would not be bound to let go his hold upon his lien, until indemnified against the cost and expense of defending against it.

These views, with the opinions expressed in this *batch* of cases which for several terms have appeared upon the docket of this court, will, we trust, enable the Circuit Court properly to put an end to this litigation in the court below. See Whitlock v. Heard, 13 Ala. Rep. 776; same v. Stewart, ib. 790; same v. Stewart, et al. 15 ib. 601.

Let the judgment be reversed, and the cause remanded.